<u>ORAL ARGUMENT SCHEDULED FOR 9.27.13</u>

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| *ABDAL RAZAK ALI* <br><br> Petitioners, <br><br> vs. <br><br> **Barack Obama**, *et al*, <br><br> Respondents. | No. 11-5102 <br><br> 1:10-cv-1020 (RJL) |

**PETITIONER ABDAL RAZAK ALI'S NOTICE OF OPPOSITION TO PANEL'S SUGGESTION OF *EX-PARTE* CONSIDERATION OF MATTERS *DEHORS* THE RECORD**

Now comes the Petitioner, Abdal Razak Ali, through his Counsel H. Candace Gorman, and respectfully provides notice to this Court of her opposition to this Court's request to the government for documents outside the record and solely for the Court's *ex-parte* and *in camera* review, for the following reasons:

On September 10th, 2013 counsel for petitioner learned that the Panel assigned to this appeal had apparently made an *ex-parte* request to the government for unredacted versions of documents which only exist in the record of this case in their redacted form. These are documents which have never been made available to the Court below or Petitioner's counsel in

1

their unredacted form and as such are *dehors* the record below. Counsel respectfully filed a letter with the clerk of this Court on September 11, 2013 seeking the list of the documents the Court was seeking, and a copy of any document received and reviewed by this Court.

Shortly after the filing of counsel's letter, the Panel set forth an Order which ostensibly included a list of the *classified* documents that the Court seeks to review *in camera* and *dehors* the record. As the list itself is *classified* and counsel for Petitioner is in Chicago where there is no secure facility available to review classified documents – counsel herself has still not actually seen the list of documents[1] that this Court seeks to review. Pursuant to the Order entered, it appears that this Court is still seeking to review those documents *ex parte* and *in camera*. Petitioner respectfully objects for several reasons.

---

[1] The Court security office gave counsel some of the page numbers from the Joint Appendix corresponding to the documents sought by the Court (there was some confusion during this exchange, apparently because the Court had corrected some of page numbers but the corrected pages were not available to the security office). As counsel is in Chicago and as such does not have an unredacted copy of the record, she was only able to ascertain two of the documents requested by the Panel, as the other document titles are completely redacted in the public version of the Joint Appendix.

2

As the government explained in its letter to the Court dated September 10, 2013, "the documents this Court requested were not provided to the district court, were not relied upon by the government, and were not in the district court record," propositions counsel has no reason to question. The government, however, followed this with a spurious claim that counsel *could have* challenged the redactions. As explained in Petitioner's September 11, 2013 letter (and as the government knows full well) there is not now, nor has there ever been, a meaningful process for challenging such redactions in classified documents. Indeed, counsel for Petitioner has made several challenges to redactions (in addition to making numerous challenges to the lack of a public record in the case) – all to no avail. In addition, the government's claim ignores the fact that the request for the unredacted documents at issue herein comes from the Court.

The very idea that this Court is now seeking to review matters not in the record and not available to Petitioner's counsel is disturbing. Although Circuit Rule 10(e) gives the Court the authority to demand that *some* items can be added to the record under certain circumstances there is no rule or case law suggesting that the appellate court can demand that something be added to the record that both parties agree was never part of the record

below, nevertheless demand that it be added *ex-parte*. Such a rule would not only defeat the purpose of an "appeal" in that the function of the appellate court is supposed to be limited to a review of the trial record sent up from the lower court and the briefs filed by the appellant and appellee, but also violates one of the most important adages regarding appellate review - that the appellate court does not try facts.

The Court's proposal is also disturbing because these documents will now become a part of the record on appeal, with apparently no opportunity for Petitioner's counsel to determine the value of said documents to the issues underlying this appeal.  The habeas process that was fundamentally unfair at the District Court level will now be tainted on appeal with the addition to the record of documents that were not available before the District Court and to which Petitioner's counsel has never been afforded an opportunity to challenge and/or rely in its unredacted form. As this Court has held, "Ex parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires `a reasonable opportunity to know the claims of the opposing party and to meet them.'" *United States v. Microsoft Corp.*, 56 F. 3d

4

1448, 1464 (D.C. Cir. 1995), (quoting *Morgan v. United States*, 304 U.S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129 (1938)).

This Court's September 11, 2013 Order apparently seeks the unredacted documents because it has reason to believe that there may be something in the redactions that will shed light on the issues in this appeal. A panel of this Court determined in *Al Odah v. US*, 559 F. 3d 539, 544 (DC Cir. 2009) that the district court may compel the disclosure of classified information if it determines that the information is both relevant *and material*—"in the sense that it is at least helpful to the petitioner's habeas case." This ruling was of course meant as guidance to the lower court but counsel for Petitioner believes that the unredacted documents, if reviewed by the Panel in this case, would establish, at a minimum, that the documents are "at least helpful" to the Petitioner's case in that Counsel for Petitioner cannot adequately represent her client on appeal without access to the documents that the Panel has added to the record and reviewed. Therefore under *Al Odah* this Court should compel the government to tender the documents it seeks to review to counsel for Petitioner.

As discussed in Petitioner's September 11, 2013 letter- the path the Court is evidently embarking is also disturbing because Plaintiff's counsel

is probably the person best situated to understand the importance of those documents relative to her client's case. Petitioner's counsel, who has represented her client for more than seven years, has spent literally hundreds of hours examining documents such as the al-Suri diary and the FBI interview report from the day Petitioner was arrested (the only two documents counsel has been able to determine that this Court is requesting). Petitioner's counsel urges this Court, if it continues to seek review of those documents, to consider the fact that counsel in this matter is the person most familiar with the record and, as such, is in the best position to help this Court assess the documents sought by the Panel. The *Al Odah* Court acknowledged that the assistance of petitioner's counsel may facilitate the making of this materiality determination because counsel generally will have a more complete knowledge of the record than the court, including knowledge of items of evidence which may not have been offered into evidence but which may, nevertheless, provide important clues to shed light on the classified evidence. *Al Odah*, 559 F.3d at 547.

Therefore if this Court is going to insist on reviewing documents not found in the record below, it must, at an absolute minimum, provide copies of those unredacted documents to Petitioner's counsel for her

review. Counsel respectfully submits that she has both a need to know and a right to review any and all documents this Court could potentially rely in its adjudication of Petitioner's habeas appeal. Counsel has already arranged to be at the secure facility the full week prior to the argument, and therefore, the unredacted copies can be easily made available for her examination at that location at minimal burden to the government.

WHEREFORE, Petitioner asks this Court to refrain from conducting its proposed *in camera* and *ex-parte* review of the unredacted documents which are *dehors* the record in this matter; however, if this Court determines that it will conduct such a review, Petitioner requests that copies of those unredacted documents be provided forthwith to counsel for Petitioner, and for such other and further relief as this Court deems just and proper.

Dated: September 12, 2013

Respectfully submitted,

*/s/ H. Candace Gorman*

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
220 S. Halsted Street - Suite 200
Chicago, IL 60661

# CERTIFFICATE OF SERVICE

I, H. Candace Gorman, certify that I today caused a true and accurate copy of Petitioner's Notice of Opposition to the individuals listed below via the Circuit Court's Electronic Case Filing System:

> Sydney Foster
> Matthew Collette
> Douglas N. Letter
> Attorneys
> Civil Division, Appellate Staff
> United States Department of Justice
> Room 7258
> 950 Pennsylvania Ave. NW
> Washington, DC 20530

This 12nd day of September, 2013.

/s/ H. Candace Gorman
Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
220 S. Halsted Street - Suite 200
Chicago, IL 60661
Tel: (312) 427-2313