

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7258
Washington, DC 20530

Tel: 202-616-5374

VIA CM/ECF

September 13, 2013

Mr. Mark J. Langer
U.S. Court of Appeals for the
 District of Columbia Circuit
333 Constitution Avenue, N.W.
Room 5523
Washington, D.C. 20001

RE:   *Ali v. Obama*, No. 11-5102 (D.C. Cir.)

Dear Mr. Langer:

Pursuant to this Court's order of September 11, 2013, we have made arrangements for the Classified Information Security Officers to provide the Court with *ex parte* and *in camera* access to unredacted versions of the documents the Court identified in its amended order, under appropriate security arrangements. We emphasize again that these unredacted documents were not in the district court record and are not part of the record on appeal. The government has not relied on the material beneath the redactions in district court and does not rely on that material in this Court. Accordingly, we believe this Court should *not* rely on these extra-record materials on appeal, especially in light of the highly sensitive nature of some of the classified material in the documents. It should instead consider this appeal based on the redacted versions of these documents that are in the record and have been served on opposing counsel.

In light of the sensitive nature of the redacted material and the fact that it was not in the record below, we believe that the better approach is for the government to address any questions the Court may have concerning the redactions by providing a classified, *ex parte*, *in camera* declaration explaining what information has been redacted, why the redactions were made, and why this

classified information cannot be shared with counsel or the public. If the Court wishes to proceed in this manner, we will have such a declaration prepared.

Furthermore, as we noted before in our letter of September 10, under the relevant case management orders, JA 1291 ¶ 1.E; JA1268-69 ¶ I.D, *as amended by* JA 1274, 1283-85, exculpatory information is *not* subject to redaction from classified versions of documents that are filed in district court and served on opposing counsel (with the exception of the potential unique circumstance, not applicable here, in which the government seeks to submit the relevant exculpatory information to the district court *ex parte* and *in camera* after determining that the information cannot be disclosed to opposing counsel).[1] Accordingly, the redacted material should not include any exculpatory information.

In addition, we briefly address two inaccuracies in the letter filed by counsel for petitioner on September 11. First, that letter incorrectly stated (at p. 2) that petitioner "sought the unredacted record in this appeal." In fact, however, petitioner filed a motion in this Court on June 8, 2011, seeking only an order

---

[1] The government is vigilant in the Guantanamo habeas cases about disclosing to opposing counsel exculpatory information (including information potentially related to the reliability or credibility of any fact witness that the government relies upon) that comes to light, consistent with the applicable district court case management orders. Indeed, although unrelated to this Court's order of September 11, government habeas counsel, in conjunction with ongoing discovery in another habeas case pending in the district court, have recently identified some documents containing information of such a nature relative to this case. Although the government does not believe that the newly identified documents undermine the correctness of the district court's judgment, and the current case management order governing this specific case may not require the disclosure of these documents to petitioner's counsel, *see* JA 1291 ¶ 1.E, after the government completes its review of the relevant documents and obtains determinations from the relevant agencies regarding clearance of the documents for classified production to petitioner's counsel, the government will be disclosing any potentially exculpatory information in the materials to petitioner's counsel (unless it is necessary instead to seek leave to file any of the documents with the district court *ex parte* and *in camera* due to, for example, the sensitive nature of the information contained in the documents).

2

requiring the government to prepare a public version of his amended traverse.[2] That request by petitioner to obtain a publicly disclosable version of certain documents, which would likely redact additional information that cannot be publicly disclosed, is obviously quite distinct from a request for unredacted versions of documents that contain redactions. As this Court's docket confirms, at no point did petitioner seek access to unredacted versions of the documents requested by the Court now.

Second, petitioner contends (p. 2) that the government violated a district court order—and admitted to the violation—in connection with its motion in district court seeking to file three highly classified, potentially exculpatory documents *ex parte* and *in camera* (none of which has been requested by this Court for review). As explained in our appellee brief at page 41, the government's request to submit these documents *ex parte* and *in camera* fully comports with this Court's decisions in *Obaydullah v. Obama*, 688 F.3d 784, 795-96 (D.C. Cir. 2012), and *Khan v. Obama*, 655 F.3d 20, 30-32 (D.C. Cir. 2011). Moreover, notwithstanding petitioner's contention to the contrary (p. 2), the government's decision to withdraw reliance on the statements of the detainee witness to whom the potentially exculpatory documents pertained was not based on an inability to demonstrate under appropriate standards that national security reasons justified the *ex parte* filing. Rather, as explained in our brief at pages 41-42, the government decided to withdraw reliance on the detainee's statements so as to lay to rest an unnecessary dispute over the discoverability of highly classified information.

                                              Sincerely,

                                              s/ Douglas N. Letter

                                              Douglas N. Letter
                                              Director, Appellate Staff

---

[2] This Court denied petitioner's motion on July 21, 2011, and it denied reconsideration on September 9, 2011. The Supreme Court subsequently denied petitioner's mandamus petition requesting the same relief. *See In re Bakhouche*, 132 S. Ct. 1036 (2012).

                                     s/ Matthew M. Collette

                                      Matthew M. Collette
                                      Deputy Director, Appellate Staff


                                      s/ Sydney Foster

                                      Sydney Foster
                                      Attorney, Appellate Staff


cc:    counsel (via CM/ECF)